## UNITED STATES DISTRICT COURT DISTRICT OF MAINE

|  |  |
|---|---|
| **Laura Farrell,** | ) |
| Plaintiff, | ) |
| v. | ) |
| **Town of Sumner**, | ) |
| a municipal corporation, and | ) |
| **Diane Campbell**, individually and in her | ) |
| official capacity as Tax Collector for the | |
| | ) |
| Town of Sumner, Defendants. | |

Civil Action No. _____

## COMPLAINT FOR DAMAGES,  DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

¶1. This civil-rights action arises under 42 U.S.C. § 1983. Plaintiff seeks redress for the deprivation of rights secured by the Fourth, Fifth, and Fourteenth Amendments when Defendants, acting under color of state law, recorded municipal lien certificates against her private home without judicial authorization, without establishing lawful jurisdiction, and without providing any opportunity for pre-deprivation review.

¶2. The administrative recording of these liens immediately clouded Plaintiff's title, restricted her ability to sell or transfer her property, and converted her private equity into a municipally controlled restraint. This action deprived Plaintiff of protected property interests and constituted both an unreasonable seizure and an uncompensated taking.

¶3. Plaintiff does not challenge lawful taxation generally. This action challenges the unconstitutional as-applied use of 36 M.R.S.A. § 942 against Plaintiff's private home. Plaintiff does not assert a facial challenge to the statute, but challenges Defendants' misuse of administrative lien procedures as the sole mechanism to encumber her property without jurisdictional verification, judicial authorization, or the notice and opportunity to be heard required by due process. Municipal lien procedures may not be used to seize or restrain constitutionally protected property interests absent neutral adjudication and meaningful procedural safeguards. Because Defendants recorded liens against Plaintiff's property without such process, Plaintiff was immediately deprived of constitutionally protected rights.

1

¶4. No state administrative process may override federally protected property rights or substitute a statutory demand letter for the constitutionally required notice, meaningful opportunity to be heard, and neutral adjudication mandated by the Due Process Clause.

## JURISDICTION AND VENUE

¶5. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff's claims arise under the Constitution and laws of the United States, including 42 U.S.C. § 1983. Jurisdiction is also proper under 28 U.S.C. § 1343(a)(3) because this action seeks to redress the deprivation of rights secured by the Constitution.

¶6. The Court has supplemental jurisdiction over Plaintiff's related state-law claims pursuant to 28 U.S.C. § 1367(a).

¶7. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (2) because Defendants reside or operate in this District, the property at issue is located within Oxford County, Maine, and all relevant acts and omissions occurred in this District, including the recording of municipal lien certificates Certificate Nos. 000559 and 000560 in the Oxford County Registry of Deeds.

¶8. This action does not seek to restrain the assessment, levy, or collection of any valid tax within the meaning of the Tax Injunction Act, 28 U.S.C. § 1341. Plaintiff does not challenge the Town's authority to impose or collect taxes generally, but challenges the unconstitutional recording and maintenance of municipal lien certificates as administrative enforcement instruments imposed without judicial authorization or constitutionally required process.

2

## PARTIES

¶10. Plaintiff Laura Farrell lives on privately held land located at 185 Labrador Pond Road in Oxford County, Maine, within the geographical boundaries of the United States District Court for the District of Maine. Plaintiff's home is privately owned and not held for profit or commercial purposes, nor used for trade, hire, or under any lease. Plaintiff has never been informed of, subjected to, or given an opportunity to contest any lawful procedure or classification that would authorize administrative lien enforcement against her private home without judicial process or the constitutionally required safeguards.

¶11. Defendant Diane Campbell is the Tax Collector for the Town of Sumner, Maine. At all relevant times, she acted under color of state law. She is sued in both her individual and official capacities.

¶12. Defendant Town of Sumner is a municipal corporation organized under the laws of the State of Maine. The Town acts through its elected Select Board and appointed Tax Collector, each of whom is a final policymaker  for municipal lien enforcement and lien recording. The Town is sued for actions taken under color of Maine law and for policies, practices, and customs that resulted in the constitutional deprivations alleged.

## FACTUAL BACKGROUND

**¶13. Ownership and Property**

. Plaintiff owns her home and adjacent land solely for personal, private use. The properties are not held for profit or commercial purposes, nor used for trade, hire, or under any lease. Plaintiff is the lawful titleholder.

**¶14. August 2023 – Initial Objections to Administrative Actions.**

Beginning  August 2023, Plaintiff submitted multiple written objections to Defendants' assertions that her property was subject to lien-related enforcement activity and requested records, verification and documentation before any lien was recorded.

¶15. Plaintiff submitted record requests and issued multiple written notices, all delivered by certified mail to the Town of Sumner and its officers. In August 2023, Plaintiff requested that Defendant Diane Campbell provide records or documentation supporting the Town's asserted basis for lien-related enforcement activity. Defendants responded to Plaintiff's communications but did not produce responsive records or documentation addressing the requests.

**¶16.** In a written response dated December 21, 2022, Christopher L. Brooks, counsel for the Town of Sumner, stated that the Town "does not use the court" for municipal lien enforcement and instead relies on a non-judicial statutory procedure.

4

**May 2023 – Governor's Office FOAA Response Confirming No Jurisdictional Records**

¶17. In May 2023, Plaintiff submitted a Freedom of Access Act request to the Office of the Governor seeking any records required under 1 M.R.S.A. § 8 relating to a transfer or change of jurisdiction affecting her property located at 185 Labrador Pond Road. On May 11, 2023, the Governor's Deputy Legal Counsel responded that the Governor's Office "could find no records responsive" to the request.

**December 2023 – Entry by Town-Associated Assessor**

¶18. In December 2023, while Plaintiff was not present, an individual associated with the Town's assessment activities entered Plaintiff's gated property. Plaintiff had not provided consent for entry and had not received prior written notice identifying the purpose or scope of any inspection or assessment activity involving the property.

**¶19.** No warrant, court order, assessor certification, statutory citation, or written authorization was provided to Plaintiff before, during, or after the entry, and no documentation was produced identifying the standards or criteria under which the entry occurred.

**¶20. December 2023 – Post-Trespass Mailing from Private Contractor.**

Shortly after contacting the Town about the entry onto Plaintiff's property, Plaintiff received a mailing from JE O'Donnell, a private contractor. The packet contained photocopied statutory excerpts referencing authority for property entry but was not signed, certified, or issued by any

government officer. No assessor certification, warrant, or written notice required by law accompanied the materials.

**¶21. Failure of Municipality and State to Produce Records.**

Plaintiff submitted multiple written record requests to the Town Assessor, the municipal office, and Maine Revenue Services seeking all records concerning assessment, valuation, classification, returns, commitments, billing, lien activity, enforcement actions, and any related documentation for Plaintiff's property, including any records created, received, relied upon, or maintained by those offices.

¶22. None of these offices produced any of the requested statutory records. Municipal officials stated they did not possess the returns or certified assessment documents or were never given and Maine Revenue Services likewise did not produce any records

**February 2025 – Request for Advisory Ruling**

¶23. On February 24, 2025, Plaintiff submitted a Notice of Request for Advisory Ruling to the Maine Revenue Services pursuant to 5 M.R.S.A. § 9001, seeking clarification of the relationship between the municipality, the Maine Revenue Services, and Plaintiff or her property. The request was denied, and the response received was general and failed to address Plaintiff's specific claims.

**June 2025 – Challenge to Notice of Lien**

¶24. On June 18, 2025, Plaintiff issued a Notice and Demand in response to a prior notice to lien, challenging the assertion that her property could be subject to municipal lien enforcement. The Notice addressed the application of 36 M.R.S.A. § 942 and requested documentation establishing authority for such enforcement. The Town did not provide a substantive response, records or any review process in response to Plaintiff's objections.

**August 2025 – Town Response to Plaintiff's Notice**

¶25. On August 26, 2025, the Town of Sumner, through Tax Collector Diane Campbell, issued a written response to Plaintiff's August 22, 2025 notice. The letter did not cite any statutory or constitutional provisions addressing the jurisdictional issues raised by Plaintiff and did not identify any certified assessment records, classification entries, situs determinations, or other documentation describing the basis for the Town's asserted authority to encumber or otherwise act upon Plaintiff's private property.

**August 2025 – Lien Recording**

¶27.. On August 13, 2025, Diane Campbell, in her capacity as Tax Collector for the Town of Sumner, caused municipal lien certificate   Nos. 000559 and 000560 to be recorded against Plaintiff's property in the Oxford County Registry of Deeds at Book 5482, Page 620, and Book 2643, Page 70. The liens were recorded without any prior judicial proceeding involving Plaintiff,

and after Plaintiff had submitted multiple written objections disputing the Town's asserted authority to encumber the property.

**¶29. Ongoing Harm.**

The harm to Plaintiff is ongoing and concrete. A municipal lien remains recorded against Plaintiff's property. As a result, Plaintiff's title is clouded, her equity and marketability are diminished, and she cannot refinance, encumber, or transfer the property without addressing the lien. Because the lien remains of record, Plaintiff lives under the continuing threat of enforcement actions that jeopardize her ability to remain in her home.

## CLAIMS FOR RELIEF

**Count I – Fourth Amendment (Unreasonable Seizure) Against Diane Campbell**

¶30. Plaintiff re-alleges all prior paragraphs as if fully set forth herein.

**¶31.** On August 13, 2025, Defendant Campbell, acting under color of state law, executed and recorded municipal lien certificate Nos. 000559 and 000560 in the Oxford County Registry of Deeds. The lien certificates were administrative instruments executed by Defendant Campbell herself and notarized for recording, and were not issued by a court of competent jurisdiction, were not supported by any judicial determination, and were recorded without any opportunity for Plaintiff to receive pre-deprivation judicial review.

¶**32.** Recording the lien certificates seized a discrete property interest belonging to Plaintiff by immediately clouding title, restricting Plaintiff's ability to sell, transfer, refinance, or otherwise alienate her home, and converting Plaintiff's private equity into a municipally controlled encumbrance. The recording asserted governmental dominion and control over Plaintiff's property interests and constituted a meaningful interference with Plaintiff's possessory and ownership rights, even in the absence of physical entry or eviction.

¶**33.** Defendant Campbell's recording of the lien certificates functioned as an assertion of seizure authority without issuance by a neutral judicial officer, without a warrant grounded in judicial process, and without any established jurisdictional predicate or adjudication authorizing such restraint on Plaintiff's property.

¶**34.** A seizure of property interests effected through administrative self-authorization, without judicial oversight, neutral review, or pre-deprivation process, is objectively unreasonable under the Fourth Amendment.

¶**35.** As a direct and proximate result of Defendant Campbell's actions, Plaintiff has suffered substantial and ongoing harm, including clouded title, loss of access to home equity, interference with her ability to convey or encumber her property, and continued exposure to further enforcement actions based on the recorded lien.

**COUNT II – Fourth Amendment (Unreasonable Seizure) against Town of Sumner**

¶36. Plaintiff re-alleges all prior paragraphs as if fully set forth herein.

¶37. Defendant Town of Sumner, acting under color of state law, maintains and enforces a municipal policy, practice, or custom authorizing the Tax Collector to execute and record municipal lien certificates as administrative instruments against private property without judicial authorization, judicial issuance, or pre-deprivation judicial review. Under this policy, liens are recorded as a matter of administrative routine rather than pursuant to any judicial process.

¶38. The Town's elected Select Board and appointed Tax Collector are final policymakers with respect to municipal lien enforcement and recording procedures. Their approval, adoption, and repeated use of administrative-only lien recording constitutes official municipal policy attributable to the Town for purposes of liability under *Monell*.

¶39. Pursuant to this policy, the Town authorized, ratified, and permitted Defendant Campbell's execution and recording of Municipal lien certificate Nos. 000559 and 000560 against Plaintiff's home, despite Plaintiff's timely and certified objections and her repeated demands for documentary evidence of lawful authority.

¶40. The Town's policy directly caused a seizure of Plaintiff's property interests by clouding title, restricting Plaintiff's ability to sell, transfer, refinance, or otherwise alienate her home, and converting Plaintiff's equity into a municipally controlled encumbrance, thereby asserting governmental dominion over Plaintiff's property.

¶41. A municipal policy that authorizes the administrative execution and recording of lien instruments that function to seize property interests without judicial issuance or neutral judicial review is objectively unreasonable under the Fourth Amendment, consistent with the principles recognized in *Soldal v. Cook County*, 506 U.S. 56 (1992).

**¶42.** As a direct and proximate result of the Town's policy, Plaintiff has suffered and continues to suffer concrete and ongoing harm, including clouded title, impaired marketability of her home, loss of access to equity, and continued exposure to further enforcement actions predicated on the recorded lien. Plaintiff has also been compelled, over an extended period of time, to divert substantial personal time, energy, and financial resources to investigate, contest, and respond to the lien and related enforcement actions, rather than being able to freely use and enjoy her home.

**COUNT III – Fourteenth Amendment (Procedural Due Process) against Diane Campbell**

¶43. Plaintiff re-alleges all prior paragraphs as if fully set forth herein.

**¶44.** Defendant Campbell, acting under color of state law, deprived Plaintiff of protected property interests when she executed and recorded municipal lien certificate Nos. 000559 and 000560 against Plaintiff's home, thereby   subjecting Plaintiff's home to administrative enforcement actions without any adjudicatory safeguard.

¶45. Recording the lien certificates immediately encumbered Plaintiff's title, restricted her ability to transfer or sell her property, and placed a municipally controlled encumbrance on her equity, thereby effecting a deprivation of property within the meaning of the Fourteenth Amendment.  **¶46.** Prior to the recording of the liens, Plaintiff repeatedly issued written Notices of Objection and Demand requesting jurisdictional verification, lawful authority, and an opportunity to be heard. Defendant Campbell disregarded these submissions and proceeded with recording the liens despite Plaintiff's timely and certified objections.

¶47. Defendant Campbell provided no pre-deprivation hearing and no meaningful post-deprivation procedure. Given the substantial risk of erroneous deprivation and the minimal burden of providing notice and an opportunity to be heard, the absence of procedural safeguards violated the standards articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976).

¶48. At the time the liens were recorded, Defendants had not produced any certified assessment records, assessor's oath, certified duplicate, certified return, situs determination, or jurisdictional documentation required as predicates for administrative lien enforcement. Despite the absence of these foundational records, Defendant Campbell proceeded with lien recording without affording Plaintiff any adjudicatory process.

¶49. Although the Town sent routine statutory notices, it did not provide Plaintiff with notice identifying a procedure by which she could obtain a neutral adjudication of the Town's assertions before the liens were recorded. The discretionary abatement process offered by the Town does not provide an adjudicatory hearing before a neutral decisionmaker.

¶50. By recording liens against Plaintiff's property without providing constitutionally required notice or a meaningful opportunity to be heard, Defendant Campbell violated Plaintiff's clearly established rights to procedural due process under the Fourteenth Amendment.

¶51. Defendant Campbell's conduct was not inadvertent, technical, or the result of mistake. After receiving Plaintiff's repeated written objections, certified notices, and explicit requests for lawful adjudication, Defendant Campbell knowingly disregarded those objections and proceeded to record liens that encumbered Plaintiff's home. This course of conduct reflects a conscious and

reckless indifference to Plaintiff's clearly established constitutional rights and supports an award of punitive damages under *Smith v. Wade*, 461 U.S. 30 (1983).

**¶52.** These procedural due-process requirements were clearly established at the time of Defendant Campbell's conduct, such that a reasonable official would have understood that recording liens under these circumstances was unlawful.

**COUNT IV – Fourteenth Amendment (Procedural Due Process) against Town of Sumner**

¶53. Plaintiff re-alleges all prior paragraphs as if fully set forth herein.

**¶54.** Defendant Town of Sumner, acting under color of state law, maintains and enforces a municipal policy, practice, and custom authorizing its Tax Collector to execute and record municipal lien certificates against private property as administrative instruments, without providing notice, a hearing, or any opportunity for pre-deprivation review by a neutral decision-maker.

**¶55.** The Town's elected Select Board and appointed Tax Collector are final policymakers for municipal lien enforcement and recording procedures. Their approval, adoption, ratification, and repeated use of administrative-only lien recording constitute official municipal policy attributable to the Town for purposes of municipal liability under *Monell*.

**¶56.** Pursuant to this policy, the Town authorized, permitted, and ratified the recording of Municipal Lien Certificate Nos. 000559 and 000560 against Plaintiff's home, despite Plaintiff's

13

timely objections and repeated written requests for jurisdictional verification, lawful authority, and an opportunity to be heard.

¶57. Although the Town sent routine statutory notices, it provided no constitutionally adequate notice or procedure by which Plaintiff could contest the Town's assertions before deprivation occurred. The only process identified by the Town was a discretionary abatement request, which is not a hearing, not judicial, not neutral, and does not satisfy the Due Process

Clause's requirement of notice and an opportunity to be heard. Plaintiff formally rebutted the Town's notices through certified mailings, yet the Town ignored her submissions entirely and provided no review or adjudication of any kind.

¶58. As a result of the Town's policy, Plaintiff's home was subjected to administrative enforcement actions without adjudicatory safeguards, resulting in an immediate encumbrance on title, restricted alienation, and the conversion of Plaintiff's equity into a municipally imposed restraint.

¶59. At the time the liens were recorded, the Town had not identified or produced any certified assessment records, assessor's oath, certified duplicate, certified return, situs determination, or jurisdictional documentation required as predicates for administrative lien enforcement. Despite the absence of these foundational records, the Town proceeded to impose lien encumbrances without affording Plaintiff any procedural protection.

¶60. The Town provided no pre-deprivation hearing, no meaningful post-deprivation remedy, and no neutral adjudication, even though the risk of erroneous deprivation was substantial and the burden of providing basic procedural safeguards was minimal, consistent with the framework articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976).

14

¶**61.** By enforcing and ratifying a policy that permitted liens to be recorded against private homes without constitutionally required notice, hearing, or judicial review, the Town of Sumner denied Plaintiff procedural due process in violation of the Fourteenth Amendment.

¶**62.** As a direct and proximate result of the Town's policy, Plaintiff has suffered and continues to suffer concrete harm, including clouded title, diminished marketability of her home, loss of access to equity, and the continuing burden of defending against enforcement actions imposed without adjudication.

¶**63.** The requirements of notice and an opportunity to be heard before the government may encumber a private residence have long been clearly established, such that no reasonable municipality could have believed that imposing lien encumbrances under these circumstances was lawful.

**COUNT V – Fifth Amendment (Takings Clause) against Diane Campbell**

¶64. Plaintiff re-alleges all prior paragraphs as if fully set forth herein.

¶65. Defendant Diane Campbell, acting under color of state law, caused and executed the governmental restraint on Plaintiff's property interests by executing and recording municipal lien certificate Nos. 000559 and 000560 against Plaintiff's home, thereby imposing an uncompensated encumbrance on Plaintiff's title and equity.

¶66. Through Defendant Campbell's execution and recording of the lien certificates, discrete property interests belonging to Plaintiff were appropriated by restraining alienation, restricting Plaintiff's ability to sell, transfer, refinance, or otherwise leverage her home, and converting Plaintiff's equity into a municipally controlled restraint.

¶67. The restraint on Plaintiff's property interests was imposed upon recording, resulting in the government's assertion of control over Plaintiff's title and equity without compensation, judicial determination, or any mechanism for valuation or redress.

¶68. The uncompensated appropriation or restraint of property interests constitutes a taking under the Fifth Amendment, applicable to state and municipal actors through the Fourteenth Amendment.

¶69. By executing and recording lien certificates that restrained Plaintiff's title and equity without providing just compensation, Defendant Campbell violated Plaintiff's rights under the Takings Clause of the Fifth Amendment.

¶70. As a direct and proximate result of Defendant Campbell's actions, Plaintiff suffered economic harm, including loss of access to home equity, impairment of financing options, and the inability to freely convey or refinance her home while subject to the imposed restraint. These damages are compensable under the Takings Clause.

**COUNT VI – Fifth Amendment (Takings Clause) against Town of Sumner**

¶71. Plaintiff re-alleges all prior paragraphs as if fully set forth herein.

¶72. Defendant Town of Sumner, acting under color of state law, maintains and enforces a municipal policy, practice, and custom authorizing the use of administrative lien enforcement against private homes as a coercive mechanism to secure public revenue, without providing just compensation for the resulting restraint and appropriation of protected property interests.

¶73. The Town's elected Select Board and appointed Tax Collector are final policymakers with respect to municipal lien enforcement and recording procedures. Their adoption, approval, ratification, and repeated use of lien-first administrative enforcement constitute official municipal policy attributable to the Town under Monell.

¶74. Plaintiff's first enforcement communication from the Town regarding this matter, dated August 31, 2021, was a Notice to Lien issued without prior adjudication or neutral review. Faced with the imminent threat of a lien against her home, Plaintiff paid the demanded amount to avoid the recording of a lien, despite disputing the Town's asserted authority.

¶75. The Town's use of a notice-to-lien as an initial enforcement mechanism imposed an immediate restraint on Plaintiff's protected property interests by threatening loss of alienability and forced encumbrance of her home, thereby appropriating control over Plaintiff's equity and decision-making for public revenue purposes without compensation or adjudication.

¶76. Pursuant to the same municipal policy, the Town later authorized, ratified, and enforced the recording of Municipal Lien Certificate Nos. 000559 and 000560 against Plaintiff's home, further restraining Plaintiff's title and equity through the imposition of a municipally controlled encumbrance.

¶77. Through the combined use of lien threats and lien recordings, the Town appropriated and leveraged Plaintiff's property interests for public use by restricting alienability, impairing equity, and asserting control over title without providing just compensation or any valuation process.

¶78. The appropriation of discrete property interests for public use without just compensation constitutes a taking within the meaning of the Fifth Amendment, applicable to municipalities through the Fourteenth Amendment.

¶79. By enforcing and ratifying a policy that employs lien threats and lien recordings to appropriate and restrain private homes without just compensation, the Town of Sumner violated Plaintiff's rights under the Takings Clause of the Fifth Amendment.

¶80. As a direct and proximate result of the Town's policy, Plaintiff suffered economic injury, including compelled payment under threat of encumbrance, impairment of title, loss of marketable equity, and continuing restraint on her ability to freely utilize, transfer, or refinance her home.

**COUNT VII – Declaratory and Injunctive Relief (Against Diane Campbell and Town of Sumner)**

¶90. Plaintiff re-alleges and incorporates by reference all prior paragraphs as though fully set forth herein.

¶91. An actual, live controversy exists between Plaintiff and Defendants because municipal lien certificate Nos. 000559 and 000560 remain recorded against Plaintiff's property, and Defendants continue to assert authority to maintain, enforce, and rely upon those liens.

¶92. Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that Defendants' execution and recording of the lien certificates, as alleged herein, violated Plaintiff's rights under

the United States Constitution by imposing restraints on her property without judicial authorization or constitutionally required procedural safeguards.

¶93. Plaintiff further seeks a declaration that the lien certificates were imposed through an administrative process that failed to provide the notice, opportunity to be heard, and neutral adjudication required before the government may restrain protected property interests, and that the liens are therefore unenforceable as imposed.

¶94. Declaratory relief is necessary and appropriate to resolve the existing controversy, clarify the parties' rights and obligations, determine the legal status of the recorded lien encumbrances, and prevent Defendants from continuing to rely upon or enforce liens imposed in violation of Plaintiff's constitutionally protected rights.

¶95. Plaintiff seeks permanent injunctive relief pursuant to the Court's equitable powers and 28 U.S.C. § 2202 to prevent continuing and future violations of her constitutionally protected rights arising from Defendants' administrative lien enforcement practices.

¶96. Municipal Lien Certificate Nos. 000559 and 000560 remain recorded against Plaintiff's property, and Defendants continue to assert authority to maintain, enforce, and rely upon those liens. As a result, Plaintiff's title remains clouded, her ability to transfer or sell her home is impaired, and she faces an ongoing and credible risk of involuntary deprivation through non-judicial enforcement.

¶97. Plaintiff has no adequate remedy at law for these continuing constitutional injuries. Monetary damages alone cannot remove the cloud on title, restore Plaintiff's unencumbered property rights, or prevent future unlawful restraints on her home.

¶98. Plaintiff therefore seeks a permanent injunction:

¶99. Ordering Defendants to take all necessary steps to discharge and remove Municipal Lien Certificate Nos. 000559 and 000560 from the Oxford County Registry of Deeds;

¶100. Prohibiting Defendants from recording, maintaining, enforcing, or relying upon any lien or encumbrance against Plaintiff's property unless supported by judicial authorization or constitutionally adequate procedures, including lawful verification, notice, and an opportunity for pre-deprivation review; and

¶101. Enjoining Defendant Town of Sumner from applying administrative lien or enforcement practices to Plaintiff's property in a manner that fails to comply with the Fourth, Fifth, and Fourteenth Amendments.

¶102. Permanent injunctive relief is necessary to prevent ongoing and future violations of Plaintiff's constitutional rights and to restore Plaintiff's ability to freely use, possess, and alienate her home without the continuing threat of unlawful municipal encumbrance.

## DAMAGES

**¶104.** Plaintiff has suffered economic harm as a direct and proximate result of Defendants' actions. The unauthorized recording of municipal lien certificates clouded her title, restrained her ability to convey, refinance, or utilize the equity in her home, and impaired the marketability and value of her property. Plaintiff was forced to expend substantial time, energy, and resources responding to and contesting enforcement actions imposed without lawful authority or adjudication.

¶105. Plaintiff has further suffered injury to core constitutionally protected property interests. Defendants' conduct interfered with Plaintiff's use and ordinary enjoyment of her home, impaired her right to exclude, and subjected her property to a governmental restraint imposed without judicial authorization or lawful process. These injuries arise from the unreasonable seizure, denial of procedural due process, and uncompensated restraint on property interests alleged herein, and constitute the type of constitutional harm for which 42 U.S.C. § 1983 provides a remedy.

¶106. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and grant the following relief:

¶107. A declaration that Defendants' actions, as alleged herein, violated Plaintiff's constitutionally protected rights secured by the United States Constitution;

¶108. A permanent injunction prohibiting Defendants from recording, maintaining, enforcing, or relying upon the lien certificates imposed against Plaintiff's property through constitutionally deficient processes, and ordering Defendants to take all necessary steps to discharge and remove Municipal Lien Certificate Nos. 000559 and 000560 from the public records;

**¶109.** The compensatory damages sought reflect the prolonged clouding of title, loss of access to home equity, diminished marketability, and sustained interference with Plaintiff's use and security in her home caused by Defendants' actions over multiple years. An award of not less than $250,000 is reasonable and proportionate to the scope, duration, and economic impact of these injuries and will be supported by evidence at trial.

¶110. An award of punitive damages against Defendant Diane Campbell in her individual capacity for willful and reckless disregard of Plaintiff's constitutionally protected rights;

¶111. An award of Plaintiff's costs and reasonable attorneys' fees (if any) pursuant to 42 U.S.C. § 1988;

¶112. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

¶113. Plaintiff demands a trial by jury on all issues so triable as a matter of right.

**Respectfully submitted,**

Laura Farrell

Plaintiff, Pro Se

Mailing Address:

185 Labrador Pond Road

Sumner, Maine 04292

**Email: maineadvocate1933@gmail.com**